UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

JASON MATTHEW BARTHOLOMEW,

                  Plaintiff,

    -against-                            9:21-CV-0873 (LEK/CFH)

NATIONAL SECURITY AGENCY, et al.,

                  Defendants.
───────────────────────────────────────

**DECISION AND ORDER**

**I.    INTRODUCTION**

On or about August 3, 2021, pro se plaintiff Jason Matthew Bartholomew ("Plaintiff") commenced this action with the filing of a complaint. Dkt. No. 1 ("Complaint"). Upon receipt of Plaintiff's application to proceed in the action in forma pauperis ("IFP"), see Dkt. No. 4, the Court issued a Decision and Order on October 1, 2021, granting Plaintiff's IFP application and reviewing the sufficiency of the Complaint pursuant to 28 U.S.C. § 1915 ("Section 1915"). Dkt. No. 5 ("October Order"). Because the Complaint failed to state a cognizable cause of action, the Court conditionally dismissed the Complaint with leave to amend within 30 days of the date of the October Order. Id. at 9. Plaintiff thereafter availed himself of the opportunity to amend. Dkt. No. 6 ("Amended Complaint"). The Clerk has now forwarded the Amended Complaint to the Court for review pursuant to Section 1915.

**II.    DISCUSSION**

    **A.    Governing Legal Standard**

The legal standard governing the Court's review of a pleading pursuant to Section 1915 was discussed at length in the October Order and will not be restated in this Decision and Order. See October Order at 2–3.

B.   **Summary of the Amended Complaint**

Like Plaintiff's original Complaint, his Amended Complaint is not a model of clarity. The Amended Complaint names the following 13 defendants: (1) National Security Agency, (2) General Paul M. Nakasone, (3) Heather Adkins, (4) Mark Kellogg, (5) Jefferson County Jail, (6) Jim Slate, (7) "Canton Potsdam [I]mpatient [sic] Rehab," (8) Samaritan Medical Center, (9) Royal Inn, (10) Dr. Charles Mohes, (11) John Jones, (12) Jefferson County Department of Social Services, and (13) Google Military Cyber Security. See generally Am. Compl.

In general, the amended pleading consists of 19 pages of incoherent allegations. Some of those allegations are as follows. The "Canton Potsdam [I]mpatient [sic] Rehab" allowed "military NSA Directors . . . to pass off devices they were using to imtimidate [sic] [Plaintiff] because they were trying to steal settlement money." Am. Compl. at 3. At the Royal Inn, the "owner had military there along with his kids assulting [sic] [Plaintiff] with NSA Technology causing personal injury." Id. at 4. While Plaintiff was visiting his uncle, John Jones, he told Jones "about the people in the white van burning [his] feet and they kept doing it in [Jones'] house." Id. at 5. Plaintiff would also try to use the phone at Jones' house but his "calls would get forwarded and wiretapped." Id. When Plaintiff was in Buffalo, New York, "the guys with the white van . . . follow[ed him] there and going into [sic] the AA meetings and NA meetings." Id. Plaintiff was assaulted by "military Beams Directed by the White Van." Id. "Jefferson County Jail/Jim Slate refus[ed Plaintiff] medical treatment – Jim Slate Burned [Plaintiff's] feet leg and cracked [his] skull." Id. at 9. Samaritan Medical Center also allowed "military and Jefferson

county drug task force to come on to the unit and assult [sic] [Plaintiff] with military technology causing personal injury." Id. at 11. Although Plaintiff has "never had a [sic] illness," unidentified individuals at Samaritan Medical Center tried "to force [him] to take mental Health medications." Id. Mark Kellogg "admitted to burning [Plaintiff's] penis in the Jail to CO Cordova in front of [Plaintiff]." Id. at 12.

For a complete statement of Plaintiff's allegations and purported claims, reference is made to the Amended Complaint

**C.     Analysis**

Even liberally construed and affording Plaintiff's Amended Complaint the special solicitude due to pro se pleadings, the pleading does not give rise to any cognizable cause of action. The allegations and claims are irrational and delusional. Accordingly, Plaintiff's Amended Complaint is dismissed as frivolous pursuant to Section 1915(e)(2)(B)(i).

Furthermore, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Id. (alteration and internal quotation marks omitted). Furthermore, Rule 10 of the Federal Rules of Civil Procedure requires that all pleadings "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). When a party violates these rules, the Court

may, "on its own initiative[,] . . . dismiss the complaint." Salahuddin, 761 F.2d at 42. "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id.

In this case, Plaintiff's Amended Complaint (as well as his original) satisfies the criteria for dismissal for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The Amended Complaint contains no separate paragraphs, the allegations ramble incoherently about delusional factual scenarios, and the Court can conceive of no single cause of action that could arise out of Plaintiff's allegations. While leave to amend is ordinarily granted before a court dismisses a complaint for failure to comply with the Rules 8 and 10 of the Federal Rules of Civil Procedure, Plaintiff in this case has already been provided with an opportunity to amend. Because the Court perceives none of Plaintiff's fanciful allegations to have a basis in reality, permitting any further amendments will undoubtedly be an exercise in futility.

### III.   CONCLUSION

Accordingly, it is hereby:

**ORDERED,** that Plaintiff's Amended Complaint (Dkt. No. 6) is **ACCEPTED for filing purposes only**, and the Clerk shall modify the docket to reflect the 13 defendants named in the pleading; and it is further

**ORDERED,** that Plaintiff's Amended Complaint (Dkt. No. 6) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and it is further

**ORDERED,** that the Clerk shall accordingly enter judgment in favor of defendants; and it is further

**ORDERED,** that the Clerk shall serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:	January 12, 2022
	Albany, New York

	_____
	LAWRENCE E. KAHN
	United States District Judge